**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1577**

_____

GLADYS PATRICIA LINARES SUCHITE; DAGOBERTO MOLINA PAZ; SANDRA PATRICIA MOLINA LINARES; D.M.L.,

> Petitioners,

     v.

MERRICK B. GARLAND, Attorney General,

> Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  March 16, 2023                                   Decided:  March 20, 2023

_____

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Jay S. Marks, LAW OFFICES OF JAY S. MARKS, LLC, Silver Spring, Maryland, for Petitioners.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Joanna L. Watson, Senior Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gladys Patricia Linares Suchite, her minor son, D.M.L.,[1] her daughter, Sandra Patricia Molina Linares (Sandra), and the father of her children, Dagoberto Molina Paz (collectively "Petitioners"), natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying Petitioners' consolidated applications for asylum and withholding of removal.[2]  We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments pressed on appeal in conjunction with the record and the relevant authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, particularly as related to Sandra's individual claim for relief, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that neither Ms. Linares Suchite nor Mr. Molina Paz established the requisite nexus between a protected ground and the asserted past persecution or the feared future persecution, *see Velasquez v. Sessions*, 866 F.3d 188, 195-96 (4th Cir. 2017) (reiterating

---

[1] D.M.L. was a rider on Ms. Linares Suchite's application.  *See* 8 U.S.C. § 1158(b)(3).

[2] Save for providing the relevant standards and a summary claim of entitlement for relief, Petitioners' brief does not provide any argument related to the agency's denial of protection under the Convention Against Torture (CAT).  Accordingly, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

2

the established principle that "the asylum statute was not intended as a panacea for the numerous personal altercations that invariably characterize . . . social relationships" and distinguishing the type of personally motivated conflicts that generally "fall[ ] outside the scope of asylum protection" (cleaned up)).  *See also Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824-26 (4th Cir. 2020) (explaining that, in conducting substantial evidence review of the agency's nexus determination, this court "is limited to considering whether their conclusion is supported by reasonable, substantial, and probative evidence," and holding that, under this standard, the record did not compel a conclusion contrary to the agency's ruling that petitioner failed to satisfy the nexus element (internal quotation marks omitted)).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Linares Suchite* (B.I.A. Apr. 28, 2022).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3